**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| PEGGY GOYETTE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and ACHIEVA CREDIT UNION,<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1.　**FCRA, 15 U.S.C. § 1681** *et seq.* |

Plaintiff PEGGY GOYETTE, ("Plaintiff") through counsel, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union") (also referenced as "CRA Defendants"), and Achieva Credit Union ("Achieva" or "Furnisher").

## INTRODUCTION

1. Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by the Defendants. Plaintiff contends that Defendants have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Experian, Equifax, and Trans Union (collectively, the "CRA Defendants") failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports.

1

3.     Plaintiff also alleges that Defendants Equifax and Trans Union failed to investigate credit reporting inaccuracies in response to Plaintiff's disputes.

4.     "Consumer reports" under 15 U.S.C. § 1681a(d) include both credit file disclosures obtained directly by Plaintiff from the consumer reporting agencies and consumer reports obtained by third parties as a factor in establishing Plaintiff's eligibility for credit.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the FCRA, a federal law. *See* 15 U.S.C. § 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

6.     Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District or are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

7.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

8.     Plaintiff is a natural person who resides in Sarasota County, Florida.

9.     Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

10.    Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA,

2

and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11.     Experian's principal place of business is 475 Anton Boulevard, Costa Mesa, California 92626.

12.     Defendant Trans Union, LLC ("Trans Union") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13.     Trans Union's principal place of business is 555 West Adams Street, Chicago, Illinois 60661.

14.     Defendant Achieva Credit Union ("Achieva") is a financial institution with its principal place of business located at 10125 Ulmerton Road, Largo, Florida 33771.

15.     During all times pertinent to this Complaint, the Defendants were authorized to conduct business in the State of Florida and conducted business in the State of Florida on a routine and systematic basis.

16.     During all times pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

17.    Any violations by the Defendants were not in good faith, were knowing, negligent, willful, and/or intentional.

18.    The Defendants failed to maintain procedures reasonably adapted to avoid any such violations.

## FACTUAL BACKGROUND

19.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

20.    The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.

21.    Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

22.    The FCRA is intended to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information.

23.    Experian, Trans Union, and Equifax, the three major consumer reporting agencies (at times referred to collectively as "CRAs" and individually as a "CRA") in the United States, regularly publish and distribute credit information about Plaintiff and other consumers through the sale of consumer reports.

24. The CRA Defendants regularly obtain consumer bankruptcy information to include in consumer reports.

25. The CRA Defendants regularly seek out and procure public record information, including consumer bankruptcy filing and discharge information, with the intention of including this bankruptcy information on the consumer reports they sell to third parties such as lenders.

26. The diligence the CRA Defendants exercise in uncovering and recording consumer bankruptcy filings is not replicated in their subsequent reporting of bankruptcy discharges and their effect on consumers' debts.

27. The CRA Defendants' unreasonable policies, procedures and/or algorithms consistently fail to identify and update pre-bankruptcy debts as required by § 1681e(b).

28. The CRA Defendants know the information they report about consumers' bankruptcies is often inconsistent with public records, furnished/reported information, and/or information contained in their own files.

29. Most institutions that offer financial services (e.g., banks, creditors, lenders) rely upon consumer reports from CRAs to make lending decisions.

30. Despite the availability of accurate consumer information, the CRA Defendants regularly report inaccurate information about accounts after consumers receive a Discharge Order.

31. The CRA Defendants regularly publish consumer information that conflicts with information: provided by data furnishers to the CRA Defendants, already included in

their credit files, contained in public records that they regularly access, or sourced through their independent and voluntary efforts.

32.    The CRA Defendants routinely report inaccurate and materially misleading information about consumers like Plaintiff, without verifying or updating it as required by § 1681e(b).

33.    Defendants know the information they report about consumers' bankruptcies is often inconsistent with public records, information provided by furnishers, and data contained in Defendants' own files.

34.    Thus, the CRA Defendants are on continued notice of their inadequate post-bankruptcy reporting procedures. More specifically, Defendants are on continued notice that their inadequate procedures regularly result in the reporting of inaccurate balances, account statuses, payment histories, and payment statuses.

<u>*Allegations Specific to Credit Reporting of Plaintiff*</u>

35.    Plaintiff filed a Chapter 7 Bankruptcy on or about December 26, 2024, in the United States Bankruptcy Court in the Middle District of Florida.

36.    Plaintiff's bankruptcy case was discharged on or about April 8, 2025.

37.    The CRA Defendants prepared one or more consumer reports concerning Plaintiff after Plaintiff was discharged from Chapter 7 Bankruptcy.

38.    The CRA Defendants obtained notice of Plaintiff's bankruptcy discharge through their routine, independent collection of consumer information from third party vendors such as Lexis-Nexis, as well as from furnishers that provide data regarding the individual tradelines reported by the CRAs in Plaintiff's consumer reports.

39. Prior to January 2026, Plaintiff noticed Defendants Experian and Trans Union were inaccurately reporting Plaintiff's Achieva Credit Union auto loan account (the "Account"), which was paid and closed prior to Plaintiff's discharge and therefore excluded from Plaintiff's Chapter 7 Bankruptcy, as "Discharged through Bankruptcy Chapter 7", or "Chapter 7 Bankruptcy".

40. Plaintiff accordingly disputed this inaccurate information in writing on or about January 26, 2026.

41. In her written disputes, Plaintiff specifically advised Experian and Trans Union that the CRA Defendants were inaccurately reporting the Account as "Discharged through Bankruptcy Chapter 7" or "Chapter 7 Bankruptcy" when, in fact, the account had been paid in full on June 28, 2024, closed with a zero balance on June 28, 2024, and was never delinquent. Plaintiff further explained that because the Account was satisfied and closed prior to her bankruptcy being discharged, and was not listed in her bankruptcy petition, it should not contain any bankruptcy-related remarks. Plaintiff requested that the CRA Defendants remove all references to Chapter 7 bankruptcy from the tradeline and report it correctly as paid in full.

42. Plaintiff further included her date of birth, her full name, her Social Security Number, and her address in her dispute letter.

43. Upon information and belief, Experian notified the Furnisher of Plaintiff's dispute.

44. On or about February 11, 2026, Experian responded to Plaintiff's dispute, advising that the dispute was "verified as accurate".

7

45. Defendant Experian failed to conduct an adequate investigation of Plaintiff's dispute.

46. Similarly, Defendant Trans Union also failed to conduct an adequate investigation of Plaintiff's dispute; and continues reporting this inaccurate information to this day.

47. Upon information and belief, Trans Union had all the information it needed to locate, investigate and correct this inaccurate information, but just failed to do so.

48. Upon information and belief, Trans Union notified the Furnisher of Plaintiff's dispute.

49. At all times pertinent hereto, Experian's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s of the FCRA.

50. At all times pertinent hereto, Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

### *Plaintiff's Damages*

51. Upon information and belief, had the CRA Defendants accurately reported the Account as paid and closed and not included in bankruptcy, Plaintiff's credit scores and ability to obtain credit would have been better, thereby improving Plaintiff's credit worthiness.

52. As a direct result of Defendants' inaccurate reporting, Plaintiff suffers damages, including a decreased credit score, lower overall creditworthiness, and other financial harm.

53. Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, loss of sleep,

8

humiliation, stress, anger, frustration, shock, embarrassment, reputational harm, violation of privacy, and anxiety.

54. Defendants' conduct exacerbated Plaintiff's frustration during the already stressful post-bankruptcy period by hindering Plaintiff's ability to rebuild Plaintiff's credit.

**COUNT I**
**AGAINST EXPERIAN**
**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)**

55. Plaintiff incorporates by reference paragraphs 23-54 of this Complaint as though fully set forth herein at length.

56. The FCRA requires CRAs to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. 15 U.S.C. § 1681e(b).

57. In this case, Defendant Experian negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information after Plaintiff received a Discharge Order.

58. Defendant independently sought information about Plaintiff's bankruptcy filing and discharge and voluntarily reported it in Plaintiff's consumer reports.

59. When Experian procured and published Plaintiff's bankruptcy information, it had an obligation to ensure it followed reasonable procedures to report the bankruptcy discharge and its effect(s) with maximal accuracy.

60. These obligations are well established by the plain language of the FCRA, promulgated by the Federal Trade Commission, detailed in case law, and evidenced in prior cases involving Experian from which it is on notice of their unreasonable procedures concerning the reporting of discharged debts.

61.    Defendant Experian knows or should have known of its obligations under the FCRA, especially pertaining to reporting an account excluded from bankruptcy accurately.

62.    Additionally, the Defendant possesses or could easily obtain substantial written materials that detail their duties and obligations under the FCRA, including those that apply when a consumer files for Chapter 7 Bankruptcy.

63.    Defendant Experian knows that accounts excluded from bankruptcy should not be reported as "included in bankruptcy".

64.    Yet Defendant inaccurately reported the Achieva account ("the Account"), which was a closed, timely paid account not included in Plaintiff's Chapter 7 Bankruptcy, with a status of "bankruptcy".

65.    Despite knowledge of these legal obligations, Experian willfully and consciously breached its duties under the FCRA. Accordingly, Experian deprived Plaintiff of Plaintiff's rights under the FCRA.

66.    Experian had actual knowledge of Plaintiff's bankruptcy and Discharge Order, as evidenced by the information it published in Plaintiff's consumer reports, including the bankruptcy case number, court, date of filing and date of discharge.

67.    Yet in this case, Experian reported the Account, which was closed and excluded from Plaintiff's bankruptcy, as being discharged in bankruptcy.

68.    Defendant Experian thus violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information included in Plaintiff's credit file and consumer reports, and by also failing to report accurate information when they knew or should have known the information they were reporting is inaccurate, or

10

otherwise contradicted by information known by Experian, reported to Experian, or reasonably available to Experian.

69.   As a result of Experian's inaccurate reporting, Plaintiff's creditworthiness has been damaged.

70.   Plaintiff suffers actual damages, including a decreased credit score, loss of credit opportunities, and other financial harm caused by Experian's inaccurately reporting an account as an account discharged in bankruptcy.

71.   Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

72.   Defendant Experian is a direct and proximate cause of Plaintiff's damages.

73.   Therefore, Experian is liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq*.

## COUNT II
### AGAINST TRANS UNION
### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)

74.   Plaintiff incorporates by reference paragraphs 23-54 of this Complaint as though fully set forth herein at length.

75.   The FCRA requires CRAs to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. 15 U.S.C. § 1681e(b).

76.     In this case, Defendant Trans Union negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information after Plaintiff received a Discharge Order.

77.     Defendant independently sought information about Plaintiff's bankruptcy filing and discharge and voluntarily reported it in Plaintiff's consumer reports.

78.     When Trans Union procured and published Plaintiff's bankruptcy information, it had an obligation to ensure it followed reasonable procedures to report the bankruptcy discharge and its effect(s) with maximal accuracy.

79.     These obligations are well established by the plain language of the FCRA, promulgated by the Federal Trade Commission, detailed in case law, and evidenced in prior cases involving Trans Union from which it is on notice of their unreasonable procedures concerning the reporting of discharged debts.

80.     Defendant Trans Union knows or should have known of its obligations under the FCRA, especially pertaining to reporting an account excluded from bankruptcy accurately.

81.     Additionally, the Defendant possesses or could easily obtain substantial written materials that detail their duties and obligations under the FCRA, including those that apply when a consumer files for Chapter 7 Bankruptcy.

82.     Defendant Trans Union knows that accounts excluded from bankruptcy should not be reported as "included in bankruptcy".

83. Yet Defendant inaccurately reported the Achieva account, which was a closed, timely paid account not included in Plaintiff's Chapter 7 Bankruptcy, with a status of "bankruptcy".

84. Despite knowledge of these legal obligations, Trans Union willfully and consciously breached its duties under the FCRA.

85. Accordingly, Trans Union deprived Plaintiff of Plaintiff's rights under the FCRA.

86. Trans Union had actual knowledge of Plaintiff's bankruptcy and Discharge Order, as evidenced by the information it published in Plaintiff's consumer reports, including the bankruptcy case number, court, date of filing and date of discharge.

87. Yet in this case, Trans Union reported the Account, which was closed, and excluded from Plaintiff's bankruptcy, as being discharged in bankruptcy.

88. Defendant Trans Union thus violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information included in Plaintiff's credit file and consumer reports, and by also failing to report accurate information when they knew or should have known the information they were reporting is inaccurate, or otherwise contradicted by information known by Trans Union, reported to Trans Union, or reasonably available to Trans Union.

89. As a result of Trans Union's inaccurate reporting, Plaintiff's creditworthiness has been damaged.

90.     Plaintiff suffers actual damages, including a decreased credit score, loss of credit opportunities, and other financial harm caused by Trans Union's inaccurately reporting an account as an account discharged in bankruptcy.

91.     Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

92.     Defendant Trans Union is a direct and proximate cause of Plaintiff's damages.

93.     Therefore, Trans Union is liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq*.

## COUNT III
### AGAINST EXPERIAN
### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681i

94.     All allegations in paragraphs 23-54 are realleged.

95.     At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

96.     The FCRA provides that "if the accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day

period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."  15 U.S.C. § 1681i(a)(1)(a).

97.     However, Defendant Experian has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

98.     Experian's conduct was willful, considering the fact that Experian could have easily verified what the Plaintiff was telling it – that her account with Achieva had been timely paid and excluded from her bankruptcy – but it nevertheless recklessly disregarded that information and failed to conduct an adequate investigation into the Plaintiff's dispute.

99.     As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT IV**
**AGAINST TRANS UNION**
**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681i**

100.    All allegations in paragraphs 23-54 are realleged.

101.    At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

102.    The FCRA provides that "if the accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the

15

disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

103.    However, Defendant Trans Union has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

104.    Trans Union's conduct was willful, considering the fact that Trans Union could have easily verified what the Plaintiff was telling it – that her account with Achieva had been timely paid and excluded from her bankruptcy – but it nevertheless recklessly disregarded that information and failed to conduct an adequate investigation into the Plaintiff's dispute.

105.    As a direct and proximate result of Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT V**
**FAILURE TO INVESTIGATE DISPUTE**
**15 USC § 1681s-2(b)**
**AGAINST ACHIEVA**

106.    All allegations in paragraphs 23-54 are re-alleged.

107.    Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

108.    On or about January 26, 2026, Plaintiff submitted written disputes to the credit bureaus disputing the accuracy of the account being reported by Achieva.

16

109. Upon information and belief, Achieva received these disputes.

110. Achieva was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

111. Achieva failed to reasonably investigate Plaintiff's disputes, despite Plaintiff's account having been paid in full on June 28, 2024, closed with a zero balance, and excluded from Plaintiff's bankruptcy petition.

112. Indeed, Achieva's ongoing failures to correct Plaintiff's account information are evidence that its investigation into Plaintiff's dispute was deficient.

113. Achieva's conduct was both negligent and willful and violated section 1681s-2(b) of the FCRA.

114. As a result of the Defendant's conduct, the Plaintiff has been harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgments against Defendants for the following:

(a) An award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) or 1681o(a)(1);

(b) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

(c) An award of punitive damages, as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2),

17

(d)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

(e)     Such other and further relief as this Honorable Court may deem just and proper, including any applicable pre-judgment and post-judgment interest, and/or declaratory relief.

## JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

Dated: March 26, 2026

By:    */s/ Joseph Kanee*
Joseph Kanee, Esq.
FL Bar No. 1040922
MARCUS & ZELMAN, LLC
1508 SW 23rd Street
Fort Lauderdale, FL 33315
(848) 346-4358
Email: joseph@marcuszelman.com
*Attorney for Plaintiff*